UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.: 3:06-cr-00160-JBA |
| v. | : | |
| AZIBO AQUART | : | SEPTEMBER 17, 2020 |

### DEFENDANT'S STATUS UPDATE

Because of a discovery dispute, a joint filing is not feasible. However, since our joint conference call on July 17, 2020, the defense has taken the following actions:

1. We selected and set up various software programs for housing the file and sharing it remotely with team members who live throughout the country.

2. We selected and contracted with additional team members required by the Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases, Guideline 4.1 and 10.4, referenced by the Supreme Court as important guides for determining what is reasonable, i.e. what constitutes effective assistance of counsel. Rompilla v. Beard, 545 U.S. 374 (2005). This is not to represent that the defense team is complete; rather, it is to inform the Court that the baseline defense personnel called for by the ABA Guidelines has been assembled. It is likely that additional members of

1

the core defense team will be retained as becomes necessary, pending the continuing defense preparation for a new penalty phase.

3. We have obtained transcripts of Mr. Aquart's trial, Efrain Johnson's federal trial & Efrain Johnson's state trial. These transcripts comprise approximately 10,000 pages, exclusive of jury selection.

4. Counsel has continued to read the transcripts. Though progress has been made, no team member has completed review of Mr. Aquart's transcript or started on the Johnson transcripts.

5. Non-counsel team members have been reviewing transcripts that are relevant to their disciplines.

6. We have obtained trial counsel's file. That file is comprised of 31 banker's boxes. The defense is currently having it scanned, OCR'd and Bates stamped. This requires more time up front but will create efficiencies down the road.

7. We have maintained contact with our client through telephone calls.

8. We have consistently reached out to prison officials to schedule video conferences with our client. The first of those calls is scheduled to take place on September 25. We have been advised by BOP counsel that we

will not be able to do this regularly due to "bandwidth issues" at the prison. Currently, video conferencing is available only on "a limited basis" and not in excess of two hours. We will continue to maintain contact with our client through telephone calls and with video conferences as the BOP permits.

**Impediments:**

9. Team members have not met with Mr. Aquart. We have been unable to visit with our client since the last status call. The USP at Terre Haute is not and has not been open for visitation since our appointment to this case. With the exception of lead counsel, no one on Mr. Aquart's team has even met Mr. Aquart in person.

10. The Government appeared poised at the last status conference to provide discovery expeditiously. However, no discovery has been provided by the government. On September 15, 2020 AUSA Markle reached out to Mr. Moraghan to inquire as to whether we had received the discovery through Mr. Aquart's appellate counsel.[1] Although, as noted above, the defense has received boxes from prior counsel, those boxes do not serve to comply with

---

[1] Appellate counsel made it clear to current defense counsel that he received the trial counsels' files, but received nothing from the Government.

this Court's explicit discovery Order and AUSA Markle's willing assent to that Order. Telephonic Status Conference, N.T. 16-17, 7/17/20.[2] There are practical reasons why defense counsel cannot rely on prior counsel for discovery, particularly in a capital case.  The trial discovery was transferred from the government to first trial counsel beginning approximately 15 years ago.  When trial counsel concluded their work, the discovery (as part of the file as a whole) was transferred from first trial counsel to appellate counsel. Now it has been transferred from appellate counsel to current trial counsel. It would be reckless for counsel to presume that over this period of time and this number of hands on the file that the discovery remains complete and intact. In addition, the government has obligations to provide discovery from the date of the last sentencing through the present.

11. In a conversation today with Mr. Moraghan, AUSA Markle made the following suggestions:

---

[2] THE COURT: All right. And Mr. Markle said he would be happy to do that [provide discovery], so we will put that in a formal order. Mr. Markle kindly expanded and said he would expedite that discovery. So any problem with my issuing the order that you provide all existing discovery on Mr. Aquart's case immediately?
MR. MARKLE: I don't think so, Your Honor. I just have to see how it's maintained and how easily that's done. But, yes, we will do all that we can to make that discovery available.

    a. The discovery is available in his office for review by the defense;

    b. The defense contract with a copying company to bring a machine to AUSA Markle's office and copy everything;

    c. The Government can find a copying center to deliver AUSA Markle's boxes to for scanning, and then send the discovery to the defense.

12. It is the Government's obligation to provide discovery to the defense, consistent with the Court's Order and fundamental case law. The third option, as noted above, is clearly appropriate.

**Deauthorization:**

13. The defense is not prepared at this point to seek deauthorization. Until we are more sufficiently familiar with the record and have conducted a constitutionally satisfactory mitigation investigation, we are not able to effectively utilize that process. The government, of course, is free to do so if it deems that an appropriate exercise of its discretion. Justice Manual, 9-10.160 (A).

Whereas, based on the above, it is the defense's request that this Court renew its Discovery Order on the Government, and schedule a status conference for 90 days from the receipt of the discovery.

THE DEFENDANT,
AZIBO AQUART

BY: _/s/_____
    Monica Foster
    Indiana Federal Community Defender
    111 Monument Circle, Suite 3200
    Indianapolis, IN 46204
    317-383-3520
    Email: monica_foster@fd.org

BY: _/s/_____
    Marc Bookman
    Atlantic Center for Capital Representation
    1315 Walnut Street
    Suite 905
    Philadelphia, PA 19107
    215-732-2227
    Email: marcbookman12@gmail.com

BY: _____
    David A. Moraghan, Esq.
    Smith, Keefe, Moraghan & Waterfall
    257 Main Street, Fl. 2-2
    P.O. Box 1146
    Torrington, CT 06790
    (860) 482-7651
    Federal Bar No.: ct00054
    E-mail: dam@skmwlaw.com

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.: 3:06-cr-00160-JBA |
| v. | : | |
| AZIBO AQUART | : | SEPTEMBER 17, 2020 |

## CERTIFICATION OF SERVICE

I hereby certify that on September 17, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

BY: _/s/ David A. Moraghan_
David A. Moraghan, Esq.
Smith, Keefe, Moraghan & Waterfall
257 Main Street, Fl. 2-2
P.O. Box 1146
Torrington, CT 06790
(860) 482-7651
Federal Bar No.: ct00054
E-mail: dam@skmwlaw.com

7